UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Owners Insurance Co. | ) | |
| | ) | |
| | ) | Civil Action No.: 1:25-cv-02776-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Cody Anderson d/b/a George Funeral Home | ) | **Complaint** |
| and Cremation Center, and C.L. Anderson | ) | (Jury Trial Demanded) |
| Holdings, LLC, Donna Graham, and Russell | ) | |
| Graham | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

NOW COMES Plaintiff, Owners Insurance Company, ("Owners"), by and through the undersigned counsel, and alleges as follows:

**Parties**

1. Owners is an insurance company organized under the laws of Ohio and is domiciled in Lima, Ohio.

2. Defendant Cody Anderson d/b/a George Funeral Home and Cremation Center ("Cody Anderson") is a resident of Aiken County, South Carolina.

3. Defendant C.L. Anderson Holdings, LLC ("C.L. Anderson Holdings") is a corporation organized and existing under the laws of South Carolina and is authorized to do business in South Carolina.

4. Upon information and belief, Defendant Donna Graham ("Donna Graham") is a resident of Aiken County, South Carolina.

1

5. Upon information and belief, Defendant Russell Graham ("Russell Graham") is a resident of Aiken County, South Carolina.

**Jurisdiction and Venue**

6. The Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the action is between citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of costs and interests.

7. Venue is proper in the Aiken Division of the United States District Court of the District of South Carolina pursuant to 28 U.S.C. §1391 because the subject matter of the underlying state court civil action, which is filed in Aiken County SC, involves matters that took place in Aiken County, South Carolina.

**Background**

8. Donna Graham and Russell Graham commenced Civil Action No. 2025-CP-02-00047 (the "Grahams' Suit") against Cody Anderson and C.L. Anderson Holdings in the Court of Common Pleas for Aiken County, South Carolina. (See Exhibit A – State Court Complaint).

9. On or about August 20, 2018, Cody Anderson and C.L. Anderson Holdings purchased from FPG South Carolina, LLC, a funeral business, known as "George Funeral Home & Cremation Center", ("George Funeral Home"), located in Aiken, SC. (Exhibit A, ¶ 15).

10. Per the Asset Purchase Agreement, for George Funeral Home, FPG South Carolina retained the absolute title to and right to collect on certain accounts receivable owed to George Funeral Home prior to the closing of the sale, including one owed by the deceased Anna Maria Able or her estate. (Exhibit A, ¶ 16).

11. Notwithstanding the lack of title or the right, Cody Anderson and C.L. Anderson Holdings knowingly acted to collect certain accounts receivables from third parties, including from Anna

Maria Able's children, Donna Graham and Russell Graham, who were not personally obligated on the account or debt.

12. As part of their scheme, Cody Anderson and C.L. Anderson had Cody Anderson Holdings "fraudulently appointed" as the Personal Representative of the estate of Anna Maria Able with the Aiken County Probate Court, which Donna Graham and Russell Graham contend was done "for the sole purpose of extorting money from [them] under the pretext that he was a legitimate creditor." [(Exhibit A, ¶ 17) (Exhibit A, ¶ 20)].

13. On or about May 20, 2024, Donna Graham and Russell Graham, in fear of being evicted from their home, borrowed money from friends and relatives and paid Cody Anderson $19,000.00 to satisfy the debt alleged to be owed. (Exhibit A, ¶ 26).

14. Donna Graham and Russell Graham allege in their Complaint, "[o]n November 4, 2024, Cody Anderson was removed as the Personal Representative of the estate of Anna Maria Able by the Probate Court of Aiken County and ordered to refund the $19,000.00 he extorted from the Plaintiff[s] within 10 days." (Exhibit A, ¶ 30).

15. Donna Graham and Russell Graham allege in their Complaint, "[o]n or about November 21, 2024, the Plaintiff[s] filed a Rule to Show Cause in the Aiken County Probate Court as to why Cody Anderson should not be held in contempt for his failure to repay the $19,000.00, he received from the Plaintiffs." (Exhibit A, ¶ 32).

16. Donna Graham and Russell Graham allege in their Complaint, "[o]n or about December 17, 2024, Cody Anderson refunded the $19,000.00 he extorted from the Plaintiffs." (Exhibit A, ¶ 33).

17. Donna Graham and Russell Graham allege, "[b]y attempting to collect money or collecting on accounts that did not belong to George Funeral Home, Cody Anderson and others were engaged

in unprofessional conduct in violation of S.C. Code § 40-19-110 by making misrepresentations or 'committing fraud' while engaging in the practice of funeral services." (Exhibit A, ¶ 14).

18. In their Complaint, Donna Graham and Russell Graham allege causes of action for civil conspiracy, constructive fraud, conversion, fraud and misrepresentation, intentional infliction of emotional distress/outrage, negligent misrepresentation, and quantum meruit as to Cody Anderson and C.L. Anderson Holdings; and Donna Graham and Russell Graham seek treble and punitive damages.

**For a Cause of Action
(Declaratory Judgment)**

19. Owners issued its Businessowners Insurance Policy - No. 54-383-441-02 - for the term, 03-17-2024 to 03-17-2025, to CL Anderson Holdings, LLC, and d/b/a George Funeral Home & Cremation Center (the "Policy").

20. The general liability coverage form, (BP 00 06 01 87 (**Businessowners Liability Coverage Form**)), in the Policy reads in part as follows:

### A. COVERAGES

1. **Business Liability** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under COVERAGE EXTENSION SUPPLEMENTARY PAYMENTS.

    a. This insurance applies only:

    (1) To "bodily injury" or "property damage":

    (a) That occurs during the policy period; and

    (b) That is caused by an "occurrence". The "occurrence" must take place in the "coverage territory".

21. Owners submits that Cody Anderson's and C.L. Andersons Holdings' actions do not constitute an "occurrence" as that term is defined in the Policy: ' "Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

22. Further, Exclusion 2(b) provides as follows:

    This insurance does not apply to:

    a. "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

5

23.  Owners submits that alleged "bodily injury" or "property damage" was expected or intended from the standpoint of Cody Anderson and C.L. Anderson Holdings and is thus excluded from coverage under the Policy.

24.  Exclusion "**j**" precludes coverage for the following: " '[b]odily injury or 'property damage' due to rendering or failure to render any professional service. This includes but is not limited to:…." (Exhibit A) (BP 00 06 01 87 (pg. 4 of 12)).

25.  Owners submits that alleged "bodily injury" or "property damage" was due to the rendering or failure to render any professional service and is thus excluded from coverage under the Policy.

26.  The Policy includes Endorsement 54625 (10-88): **Funeral Directors or Cemetery Professional Liability Endorsement.**

## FUNERAL DIRECTORS OR CEMETERY PROFESSIONAL LIABILITY ENDORSEMENT

**THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE BUSINESSOWNERS LIABILITY COVERAGE FORM.**

It is agreed:

The coverage for "bodily injury" and "property damage" liability with respect to the insured's operations as a funeral director or cemetery is extended as follows:

**COVERAGE EXTENSION**

We will pay those sums which the insured becomes legally obligated to pay as damages for:

1. "Bodily injury", including mental anguish, and "property damage" arising out of the:

    a. rendering of; or
    b. failure to render;

    professional services with respect to deceased persons. Such injury or damage shall be deemed:

    a. to have been caused by an "occurrence"; and
    b. not to have been expected or intended from the standpoint of the insured.

2. Damage to or destruction of clothing, urns, caskets, linings or fittings, casket cases, crypts, mausoleums or other facilities:

    a. which belong to others;
    b. in the care, custody or control of the insured; and
    c. used to bury or care for deceased persons.

These extensions are subject to the following:

1. **ADDITIONAL EXCLUSIONS**

    We do not cover:

    a. any "bodily injury", including mental anguish, or "property damage" by the insured or with his knowledge and which is:

        (1) in violation of any law or ordinance; or
        (2) a criminal act.

    b. "bodily injury", including mental anguish, of your employee while engaged in the employment of an insured.

**Part of Endorsement 54625 (10-88)**

27. Owners submits that Cody Anderson's and C.L. Andersons Holdings' actions to collect the funeral home debt were in violation of a law or ordinance or a criminal act, including, but limited to, S.C. Code § 40-19-110.

28. Owners brings this civil action pursuant to Fed. R. Civ. P. 57 and The Federal Declaratory Judgment Act, 28 USCA § 2201. Section 2201 provides that in the case of an actual controversy...

7

upon the filing of an appropriate pleading, [a court] may declare the rights and other legal relations of any interested party seek such declaration, whether or not other relief is or could be sought.

29. There is an actual controversy between Owners and the Defendants as to the duty that may exist for Owners to defend or indemnify for the damages sought or recovered by Donna Graham and Russell Graham in their suit.

30. Owners seeks a declaration that the Policy does not insure the damages alleged by Donna Graham and Russell Graham in their Complaint; or there is no duty to defend or indemnify Cody Anderson or C.L. Anderson Holdings for the damages alleged or recovered in the Grahams' Suit.

31. Owners reserves the right to rely on other terms and conditions of the Policy that may be discovered during this civil action.

**WHEREFORE**, Owners prays for a declaratory judgment against the Defendants; for a jury trial to the extent permitted by law; and for any other relief that this Court deems reasonable, proper, and just.

Respectfully submitted,

*s/John L. McCants*

John L. McCants, SC Bar No. 10423
Fed. I.D. 4870
**BAKER, RAVENEL & BENDER, LLP**
3710 Landmark Drive, Suite 400
Post Office Box 8057
Columbia, South Carolina 29202
(803) 343-3866
jmccants@brblegal.com
*Attorney for the Plaintiff Owners Insurance Co.*

April 2, 2025