IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Owners Insurance Co., | C.A. No.: I:25-cv-02776-MGL |
| Plaintiff, | |
| v. | |
| Cody Anderson d/b/a George Funeral Home and Cremation Center, and C.L. Anderson Holdings, LLC, Donna Graham, and Russell Graham, | |
| Defendant. | |

## ANSWER AND COUNTERCLAIM

The Defendant Cody Anderson d/b/a George Funeral Home and Cremation Center and C.L. Anderson Holdings, LLC, answering the Complaint respectfully alleges

1. Except as hereinafter admitted qualified or explained, this Defendant denies each allegation of the Complaint

2. This Defendant admits paragraphs 1, 2, 3, 4, 5, 6, 7, 8, and 9.

3. Paragraph 10 is denied.

4. As to paragraph 11, this Defendant denies that he attempted to collect from persons not obligated to pay the debt.

5. Paragraph 12 is denied.

6. This Defendant lacks sufficient information to form a belief as to paragraph 13.

7. To the extent that Paragraph 14 alleges that certain allegations were made in the referenced complaint, Paragraph 14 is admitted; however, the allegations of extortion are denied.

8. To the extent that Paragraph 15 alleges that certain allegations were made in the referenced complaint, Paragraph 15 is admitted.

9. To the extent that Paragraph 16 alleges that certain allegations were made in the referenced complaint, Paragraph 16 is admitted; however, the allegations of extortion are denied

10. To the extent that Paragraph 17 alleges that certain allegations were made in the referenced complaint, Paragraph 17 is admitted; however, the allegations of fraud while engaging in the practice of funeral services are denied.

11. To the extent that Paragraph 18 alleges that certain allegations were made in the referenced complaint, Paragraph 18 is admitted; however, the allegations of intentional infliction of emotional distress/ outrage, negligent misrepresentation, and quantum meruit are denied.

## AS TO THE FIRST CAUSE OF ACTION

12. Paragraph 19 is admitted.

13. Paragraph 20 is admitted

14. As to paragraphs 21, 22, 23, and 24, this Defendant believes that the policy and the words contained therein do not require further clarification and therefore this Defendant respectfully alleges that to the extent that the definitions contained in paragraphs 21-24 differ from the words contained in the Policy or are defined in paragraphs 21-24 to mean anything other than what the plain words are actually defined to mean, those paragraphs are denied.

15. As to paragraph 25, this Defendant denies that the allegations made by the Grahams do not constitute an "occurrence" because pursuant to Subparagraph A (1)(a)(2)(b) expressly provides coverage for "personal injury caused by an offense arising out of the conduct of your business. Excluding advertising, publishing, or telecasting done by or for you.

16. Paragraph 26 is admitted.

17. Paragraph 27 is denied.

18. Paragraph 28 is admitted.

19. Paragraph 29 is denied.

20. Paragraph 30 is admitted.

21. Paragraph 31 is denied.

22. Paragraph 32 is admitted.

23. Paragraph 33 is denied to the extent that the Plaintiff is alleging that this Defendant engaged in extortion or threats. Paragraph 33 is denied to the extent that it alleges that this Defendant committed a willful violation of a penal statute or ordinance,

24. Paragraph 34 is denied.

25. As to paragraph 35, this Defendant admits that the Plaintiff by making false and scandalous allegations against this Defendant which include declaratory statements against this Defendant and are not quotations from other pleadings have created a controversy. The allegations made by the Plaintiff have injured and damaged this Defendant rendering the claim for relief under the Declaratory Judgment Act inappropriate.

26. Paragraph 36 is denied first because the Grahams are not entitled to damages and secondly because the Plaintiff is obligated under the terms of the policy to defend and indemnify this Defendant against the claims made by the Grahams.

27. Paragraph 37 does not require a response.

FIRST AFFIRMATIVE DEFENSE

UNCLEAN HANDS

28. This Defendant readmits, realleges and redenies all matters hereinabove admitted, alleged or denied.

29. The Plaintiff comes to the Court with unclean hands because the allegations made in this Complaint being made not on information and belief but as declaratory accusations are false. Specifically, the allegations of paragraphs 11, 27, 31,and 33 contain allegations for which there is no proof.

30. The Plaintiff well knows that neither it nor any of its officers, agents, servants, employees or attorneys have any personal knowledge of the facts alleged in paragraphs 11, 27, 31 and 33. Yet despite that knowledge the Plaintiff has alleged as fact that this Defendant has committed criminal acts and engaged in criminal fraud and other criminal acts.

31. The Plaintiff comes into Court with unclean hands and is therefore not entitled to relief under the Declaratory Judgment Act.

32. The Plaintiff, by making the allegations contained in paragraphs 11, 27 31, and 33 has breached its duty to act in the best interests of its insured and has made allegations which are inconsistent with its duty to defend this Defendant at a time when the Plaintiff has not been relieved of the duty to defend.

33. The allegations of the Complaint (paragraphs 11, 27, 31, and 33) are malicious, The Plaintiff is acting in bad faith with reckless disregard for the rights of its insured and is therefore not immune from liability for its conduct. S.C. Code Ann. § 38-55-580

34. The Anderson Defendants are entitled to have the Complaint dismisses with an Order entered requiring the Plaintiff to defend it policy holder and indemnify the policy holder as required by the policy .

COUNTERCLAIM

BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT

35. Cody Anderson and the Anderson Defendants readmits, realleges and redenies all matters hereinabove admitted, alleged or denied

36. Cody Anderson and the Anderson Defendants readmits, realleges and redenies all matters hereinabove admitted, alleged or denied

37. The Plaintiff owed a duty of loyalty to its policyholder which includes that duty to avoid joining with individuals like the Grahams to attack and demean their policyholder.

38. By making the allegations contained in paragraphs 11, 27, 31 and 33, the Plaintiff has breached its duty to its policy holder and has, without proof, evidence or investigation abandoned its duty to defend its policy holder and to refrain from actions that will injure and damage its policy holder.

39. The Plaintiff acted with malice and bad faith.

40. The breach of contract is accompanied by the act of accusing the Plaintiff's policyholder of engaging in criminal acts, criminal fraud and extortion. Which allegations are false. The allegations were made by the Plaintiff with malice and in bad faith.

41. The Anderson Defendants are entitled to actual and punitive damages because the allegations of the Complaint serve to provide aid and support to the litigation against the Anderson Defendants, and they will increase the direct and indirect costs of defending against the Complaint filed by the Grahams. The allegations defame the Anderson Defendants and cause Cody Anderson to suffer emotional and physical distress and the breach of contract accompanied by a fraudulent act as described herein has injured and damaged his reputation in the community. Having his own insurance company make false and defamatory allegations in a pleading which is filed with the Court causes grave damage especially when the allegations are false as they are in this case.

WHEREFORE, the Anderson Defendants demand that the Court

1. Dismiss the Plaintiffs Complaint and enter an Order requiring the Plaintiff to defend its policy holder and to indemnity its policyholder according to the provisions of the policy.

2. Enter judgment against the Plaintiff in favor of Cody Anderson on the Counterclaim for actual and punitive damages.

3. Grant such other and further relief as may be just.

s/John W. Harte
Federal ID No. 1750
Attorney for Defendant
john@jwhartelaw.com
803 226 0755

June 4, 2025

| Physical Address | Mailing Address |
|---|---|
| 702 Chaffee Lane | PO Box 7215 |
| Aiken, S.C., 29801 | Aiken, S.C., 29804 |