UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Owners Insurance Co. | ) | |
| | ) | |
| | ) | Civil Action No.: 1:25-cv-02776-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Cody Anderson d/b/a George Funeral Home | ) | |
| and Cremation Center, and C.L. Anderson | ) | |
| Holdings, LLC, Donna Graham, and Russell | ) | |
| Graham | ) | |
| | ) | |
| Defendants. | ) | |

**Plaintiff's Answer to Counterclaim**

**(Jury Trial Demanded)**

Plaintiff Owners Insurance Company ("Owners"), by and through the undersigned counsel, answers Defendants Cody Anderson d/b/a George Funeral Home and Cremation Center's and C.L. Anderson Holdings, LLC's Answer and Counterclaim (the "Counterclaim") (ECF No. 22) as follows.[1]

**FOR A FIRST DEFENSE**

1.  Owners denies each allegation of the Counterclaim not hereinafter expressly admitted, modified, or explained.

---

[1] Owners will refer to Defendants Cody Anderson d/b/a George Funeral Home and Cremation Center and C.L. Anderson Holdings, LLC together as "Defendants Andersons" in this answer unless a distinction is to be made between the individual and limited liability company.

2.      The allegations of Paragraphs 1 through 36 of the Counterclaim do not require a response by Owners. To the extent a response is required, Owners realleges and reaffirms the allegations in its amended complaint (ECF No. 10) and otherwise denies any allegations of Paragraphs 1 through 36 of the Counterclaim that state or imply that Owners acted wrongly or is liable to Defendants Andersons for their alleged damages.

3.      The allegations of Paragraph 37 of the Counterclaim require a legal conclusion and therefore no response is required by Owners. To the extent a response is required, Owners realleges and reaffirms the allegations in its amended complaint (ECF No. 10) and otherwise denies any allegations of Paragraph 37 of the Counterclaim that state or imply that Owners acted wrongly or is liable to Defendants Andersons for their alleged damages.

4.      Owners denies the allegations of Paragraphs 38, 39, 40 and 41 of the Counterclaim and demands strict proof thereof. Further, Owners realleges and reaffirms the allegations in its amended complaint (ECF No. 10) and otherwise denies any allegations of Paragraphs 38, 39, 40 and 41 of the Counterclaim that state or imply that Owners acted wrongly or is liable to Defendants Andersons for their alleged damages.

**FOR A SECOND DEFENSE**

5.      Owners reasserts and re-alleges the foregoing responses.

6.      Defendants Andersons fail to state a claim upon which relief can be based and accordingly, Owners is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6).

**FOR A THIRD DEFENSE**

7.      Owners reasserts and re-alleges the foregoing responses.

8.      Owners incorporates herein incorporates and re-alleges the allegations of its amended complaint and incorporates those parts of the subject insurance policy, including, but not limited to, the terms, conditions, definitions, exclusions and endorsements, that limit or excludes the duty

to defend or indemnify Defendants Andersons for the damages sought by plaintiffs in the underlying action.

## FOR A FOURTH DEFENSE

9. Owners reasserts and re-alleges the foregoing responses.

10. Owners asserts that the provisions of S.C. Code Ann. § 38-55-580 do not support or provide for a cause of action or claim under **Article 5 – Insurance Fraud and Reporting Immunity**, § 38-55-510 et seq., and such allegations should be dismissed by the Court.

## FOR A FIFTH DEFENSE

11. Owners reasserts and re-alleges the foregoing responses.

12. To the extent punitive damages are claimed, Owners would show, upon information and belief, that the claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Owners could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Owners can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is in violation of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Defendants Andersons' claim for punitive damages violates Owners' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills Owners' exercise of that right; Defendants Andersons' claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, Defendants Andersons' claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates

both procedural and substantive due process safeguards; therefore, Defendants Andersons' claim for punitive damages should be dismissed.

## FOR A SIXTH DEFENSE

13. Owners reasserts and re-alleges the Paragraphs above.

14. Pursuant to S.C. Code Ann. § 15-32-520, Owners hereby requests trial bifurcation on the issues of actual damages and punitive damages. To the extent the Court submits the question of punitive damages to the jury, the award of punitive damages, if any, is subject to the caps and limitations set forth in S.C. Code Ann. § 15-32-530. Owners pleads and incorporates all defenses, limitations on damages, and other privileges contained in S.C. Code Ann. §§ 15-32-520 and 15-32-530 as if fully stated herein verbatim

## FOR A SEVENTH DEFENSE

15. Owners reasserts and re-alleges the foregoing responses.

16. Owners asserts that the Owners' coverage position is objectively reasonable because it is legally correct and/or the language of the subject insurance policy supports Owners' position.

## FOR AN EIGHTH DEFENSE

17. Owners reasserts and re-alleges the foregoing responses.

18. Owners asserts that Defendants Andersons' claims are barred to the extent they fail to cooperate in the defense, being provided by Owners in the underlying lawsuit, or otherwise violate the terms and conditions of Owners insurance policy.

## FOR A NINTH DEFENSE

19. Owners reasserts and re-alleges the foregoing responses.

20. Owners asserts that to the extent there is no duty to indemnify under applicable state law, there is no duty to defend Defendants Andersons.

## FOR A TENTH DEFENSE

21. Owners reasserts and re-alleges the foregoing responses.

22. Owners asserts that Defendants Andersons' claims are barred by the equitable doctrine of estoppel.

## FOR AN ELEVENTH DEFENSE

23. Owners reasserts and re-alleges the foregoing responses.

24. Owners asserts that Defendants Andersons' claims are barred by the equitable doctrine of unclean hands.

## FOR A TWELFTH DEFENSE

25. Owners reasserts and re-alleges the foregoing responses.

26. South Carolina law states that relevant pleadings, affidavits and other materials generated in judicial proceedings, even if defamatory, are absolutely privileged and not actionable. Accordingly, Defendants Andersons do not have a claim for defamation, or other claim, and the Court should dismiss such claims and/or the Counterclaim.

## FOR A THIRTEENTH DEFENSE

27. Owners reasserts and re-alleges the foregoing responses.

28. Defendants Andersons are receiving a defense from Owners, pursuant to a reservation of rights, in the underlying action. Owners has not otherwise beached the terms of the insurance policy.

## FOR A FOURTEENTH DEFENSE

29. Owners reasserts and re-alleges the foregoing responses.

30. Owners reserves the right to rely on and assert all other defenses in law or equity that may be learned during discovery in this Civil Action.

WHEREFORE, having fully answered the Counterclaim, Owners prays that the Court award Owners the following relief:

1. Dismiss the Counterclaim with prejudice;

2. Declare that Defendants Andersons are entitled to no recovery from Owners;

3. Tax the costs of this action against Defendants Andersons;

4. Award Owners its attorney's fees to the extent permitted by law;

5. Grant Owners a trial by jury; and

6. Grant such other relief in favor of Owners as the Court may deem just and appropriate.

Respectfully submitted,

*s/John L. McCants*
John L. McCants, SC Bar No. 10423
Fed. I.D. No. 4870
**BAKER, RAVENEL & BENDER, LLP**
3710 Landmark Drive, Suite 400
Post Office Box 8057
Columbia, South Carolina 29202
(803) 343-3866
jmccants@brblegal.com
*Attorney for Plaintiff Owners Insurance Co.*

June 13, 2025